ROBERT S. ROBERTS, Appellant, v. MICHAEL MALLOY, *et al.*

**Appeal:** REFUSAL TO ENTER DEFAULT. An appeal from the refusal of the court, upon the objection of defendant's attorneys appearing as *amicus curiæ*, to enter default in favor of plaintiff, will be dismissed where the record does not show the ground of the court's refusal, or that an answer was not on file.

*Appeal from Keokuk District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, DECEMBER 12, 1896.

THIS is an action for damages arising from the sale of intoxicating liquors to one Edward E. Roberts, a son of plaintiff. It is alleged that said sales caused said Edward E. Roberts to become intoxicated, by reason of which he was run over and killed. The petition contains other necessay allegations. Plaintiff,

on September 4, 1894, demanded a default against
the defendants, which was refused. Plaintiff excepted
to said ruling, and appeals.—*Dismissed.*

*J. F. Smith* for appellant.

*James C. Davis, B. A. Dolan, A. L. Parsons,* and *R.
M. Marshall* for appellees.

Kinne, J.—The abstract sets forth an original
notice, which contains the following as a part of the
title: "State of Iowa, Lee County—ss.: In the
Superior Court of Keokuk, Lee County, Iowa, Septem-
ber Term, 1894." The body of the notice is to the
effect that there was a petition on file "in the clerk's
office of the superior court aforesaid at Keokuk, *   *
*   * and unless you appear thereto and defend on or
before noon of the next regular September term of
said court, to be begun and holden at Keokuk *   *
*   * on the third day of September, A. D. 189-," etc.
Except as to the time of appearance, the notice is in
all respects full and complete. On the regular default
day the plaintiff demanded a default, whereupon
defendant's attorneys appeared *amicus curiæ*, and filed
objections to a default. The court took the matter
under advisement, and thereafter refused a default.
In view of the condition of this record, we think
no appeal lies from the order refusing to enter
a default. The record fails to show the ground
of the court's refusal. It does not show that
an answer was not on file. For aught that
appears, the court may have required the attorneys who
appeared as *amicus curiæ* to file an answer. He merely
stood upon the court's refusal to enter a default, which
action of the court may have caused a continuance of
the case, but it does not appear that any substantial
right was determined by the court's ruling. The

order, not appearing to be one affecting a substantial right, or one which, in effect, determined the action, or one involving the merits of the case, cannot be appealed from. Code, section 3164; 2 Am. & Eng. Enc. Pl. & Prac. p. 105. The defect in the record being jurisdictional, we cannot consider the question of the sufficiency of the notice.—DISMISSED.