THE CENTRAL NATIONAL BANK OF MILWAUKEE, Respondent,
vs. BRAND, imp., Appellant.

*September 23 — October 11, 1898.*

*Appealable order: Opening default: Undertaking to pay judgment.*

An order, made before the entry of judgment, permitting a defendant
who was in default to answer, upon condition that he file an un-
dertaking to pay any judgment that might be recovered against
him in the action, is not appealable under sec. 3069, R. S. 1878, as
amended by ch. 380, Laws of 1897.

APPEAL from an order of the superior court of Milwaukee
county: GEO. E. SUTHERLAND, Judge. *Appeal dismissed.*

This is an appeal from an order made June 25, 1898, in
relation to the terms of granting the defendant leave to file
an answer in and defend the case of *Central National Bank
v. Brand, impleaded, etc.* Was the order appealable? The
action was to recover upon a note made by *Brand,* the
appellant, to the plaintiff, for $1,200, dated August 11, 1894,
indorsed by the defendant Cairncross. *Brand,* having failed
to answer the complaint within the prescribed time, obtained
an order to show cause why he should not be permitted to
file and serve an answer in the action, and that proceedings
be stayed until the hearing and determination of the motion.
It was based upon an affidavit of *Brand* that no judgment
had been entered in the action, and that no answer had been
served therein. Other affidavits were read at the hearing.
The court made an order that the motion of the defendant
be granted upon condition that within ten days after the
service of a copy of the order upon the defendant or his at-
torney he file with the clerk of the court a bond, with two
sufficient sureties, in the penalty of $1,500, conditioned to
pay any judgment that might be recovered against him in
the action, such bond to be first duly approved by the judge
of the court as to form and sufficiency of sureties, and that
thereupon the answer served with said motion papers stand

as the answer of the defendant to the complaint, and that the plaintiff have twenty days after the expiration of the ten days therein limited for the defendant to file such bond in which to reply or demur to said answer, if so advised. The defendant *Brand* appealed from that part of the order above stated fixing the condition upon which leave was granted to serve and file such answer, etc. The court required the defendant, as a condition of granting the relief sought, to file with the clerk an undertaking, with two sureties, to be approved by the court, both as to form and sufficiency of sureties, in the penalty of $1,500, conditioned to pay any judgment that might be recovered in the cause, and all costs and damages which might be sustained by the plaintiff by reason of said appeal, and that upon filing such undertaking and the perfecting of said appeal within the time limited all proceedings in the action be stayed until the hearing and determination of said appeal.

The cause was submitted for the appellant on the brief of *Samuel Rosendale*, of counsel, and for the respondent on that of *Winkler, Flanders, Smith, Bottum & Vilas.*

PINNEY, J. The order in question is clearly not appealable. It is not within the category of appealable orders. R. S. 1878, sec. 3069, as amended by ch. 380, Laws of 1897 [sec. 3069, Stats. 1898]. Such order does not, in effect, determine the action, or prevent a judgment from which an appeal might be taken.

*By the Court.*— The appeal is dismissed.