ANNIE McNEILL BIRKS et al., Appellants, v. JAS. F. McNEILL, Executor, et al., Appellees.

ACTIONS: Joinder—Establishing Trust—Impleading Defendant in
1  Individual and Representative Capacity. No misjoinder (a) of parties or (b) of causes of action results, in an action to establish and enforce a trust on property belonging to plaintiff and in defendant's possession, by impleading the defendant individually, and also as executor, as administrator, and as trustee. It is, therefore, error for the court to strike that part of the pleading joining the defendant individually.

EXECUTORS AND ADMINISTRATORS: Authority—Assuming
2  Trusteeship. An executor or administrator has no authority to act in a matter wherein his decedent was merely trustee. (Sec. 3406, Code, 1897.) And if he does so act he must individually account to the *cestui.* Therefore, in an action by the *cestui* to impress a trust on property in the hands of the defendant, individually and as executor, etc., it is error for the court to strike that portion of the petition which impleads the defendant individually.

APPEAL AND ERROR: Reservation of Right of Review—Waiver—
3  Ruling on Motion—Pleading Over. Error in sustaining a motion

to strike and separate causes of action is not waived by the filing, under the order of the court, of an amended and substituted petition, for the purpose of meeting rulings made by the court.

**APPEAL AND ERROR:** When Appeal Lies—Ruling on Motion to
4   Strike and Separate Causes of Action. A ruling sustaining a motion to strike portions of a pleading may be appealable. (Sec. 4101, Par. 1, Code, 1897.) So held where the court, by sustaining a motion to strike, refused to permit plaintiff, in an action to establish and enforce a trust, to implead defendant individually, and as executor and as trustee.

*Appeal from Mahaska District Court.*—HENRY SILWOLD, Judge.

THURSDAY, SEPTEMBER 28, 1916.

SUIT in equity, to establish and enforce a trust. Defendant, individually and as trustee, filed a motion to strike, and for a more specific statement, and also a motion to strike, and separate causes of action. Each of these motions was sustained, either wholly or in part, and the last named, based upon misjoinder of causes of action, was sustained, and plaintiffs were given leave to file separate suit against James F. McNeill immediately, without further costs. Plaintiffs appeal.—*Reversed.*

*W. H. Keating* and *D. W. Hamilton,* for appellants.

*Seevers & Corlett,* and *William McNett,* for appellee.

DEEMER, J.—Plaintiff Elizabeth McNeill is the widow of Hobart W. McNeill, now deceased, and her coplaintiff is the daughter and only heir at law of the said deceased. It is averred, in the petition, that the said deceased, with his brother, W. A. McNeill, and defendant J. F. McNeill, were engaged in various enterprises, both in this country and in Canada, and closely connected in interest; that they organized a corporation known as "McNeill Brothers, Incorporated," and issued stock therein to each other; and that they organized and promoted many other corporations, for mining, the

conducting of public utilities, etc., which were subsidiary to the main body, known as McNeill Brothers; that this latter corporation issued 4,811 shares of stock, of the par value of $100 per share, but that they were, in fact, worth, when this action was commenced, about $500 per share; that the principal place of business of this main and parent corporation, was at Oskaloosa, Iowa, the officers being H. W. McNeill, president, W. A. McNeill, vice-president, and Jas. F. McNeill, secretary and treasurer. It is also alleged that, when organized, the stock was distributed as follows: 2,000 shares to H. W. McNeill; 2,000 shares to W. A. McNeill; 580 shares to W. T. Phillips; 134 shares to E. L. Little; and 97 shares to James F. McNeill. H. W. McNeill died intestate, January 27, 1900, and W. A. McNeill died, November 6, 1913. Jas. F. McNeill was appointed administrator of the estate of W. A. McNeill. It is averred that the 2,000 shares in McNeill Brothers, issued and paid for by H. W. McNeill, were held in trust by W. A. McNeill, for the benefit of H. W., under some kind of an agreement, either oral or in writing, as to the disposition thereof at his (H. W.'s) death; and that W. A. McNeill recognized this trust, and paid all dividends on the stock, down until his death, to his brother H. W., or according to his directions. It is claimed that, by the terms of this trust agreement, W. A. McNeill held title to the 2,000 shares of stock in McNeill Brothers in trust for the plaintiffs herein, the widow and daughter of H. W. McNeill, and that the title thereto remained in the said W. A. McNeill until his death, and that this title passed in trust to defendant Jas. F. McNeill, either as executor of the W. A. McNeill estate, or as trustee for the plaintiffs, or as administrator of the estate of said W. A. McNeill, or individually, and that, in fact, Jas. F. McNeill has possession of said shares of stock, and claims title thereto, individually, or under the will of his brother, W. A. McNeill.

It is claimed that the 2,000 shares of stock, as well as a controlling interest in the various other corporations in which

the McNeills were interested, were held in trust by W. A. McNeill for the benefit of plaintiffs, and that, at his death, Jas. F. McNeill, his executor, or the administrator of his estate, or individually, took possession thereof, and now holds the same in trust, in one capacity or the other, for the benefit of these plaintiffs. It is averred that the 2,000 shares of stock in the McNeill Brothers, as well as the stock of other corporations which H. W. McNeill, in fact, owned, were issued in the name of W. A. McNeill, but were, in fact, held by him in trust at all times, and so acknowledged by him, and that the stock books still show the said stock to be in the name of W. A. McNeill; but that Jas. F. McNeill, at all times, knew that said stock was held in trust by W. A. McNeill for the benefit of his brother, H. W. McNeill, and his widow and heirs, and that H. W. McNeill, at all times, relied upon the promises of W. A. McNeill to execute and carry out the said trust, which fact was known to defendant Jas. F. McNeill; but that, since the death of the said H. W. McNeill, W. A. McNeill and his brother Jas. F., the defendant herein, have fraudulently endeavored to conceal the fact of the trusteeship, and conspired to cover up the agreement of W. A. McNeill, and have ignored the said trust.

It is also averred that, upon the death of H. W. McNeill, the said brothers fraudulently concealed the facts relating to the trusteeship of W. A. McNeill, and deceitfully and wrongfully claimed that H. W. McNeill had executed a will, whereby he had devised all his property, including the stock in controversy, to his brother W. A. McNeill; and that the said W. A. McNeill, who was appointed administrator, or executor, of his brother's estate, fraudulently failed and neglected to inventory the property so held in trust by him, for the purpose of cheating and defrauding the plaintiffs out of their share of the estate of H. W. McNeill; and that they did not learn of this fraud until after the death of W. A. McNeill, when they discovered that the instrument attempted to be probated as the will of H. W. McNeill, deceased, was not his will at all,

and that no property whatever passed thereunder. It is averred that the said W. A. McNeill held the aforesaid stock and other property in trust for these plaintiffs at the time of his death, as defendant Jas. F. McNeill well knew, and that the said Jas. F. is now in possession of said stock, and other property, in trust for these plaintiffs.

It was further averred that the paper purporting to be the will of H. W. McNeill was executed at the request of his brothers, W. A. and Jas. F., for the sole purpose of avoiding a showing as to the exact value of H. W.'s estate, to defeat taxation, and for other purposes, and was not intended to be the will of H. W. McNeill, and that the same was never acted upon as a will, save for the purpose of defrauding these plaintiffs.

It was also averred that plaintiffs did not know of the aforesaid trusteeship until after the death of W. A. McNeill. It is also claimed that, after the death of H. W. McNeill, W. A. McNeill fraudulently represented to plaintiff Elizabeth McNeill that he had 800 shares of the capital stock of McNeill Brothers, of the value of $80,000, in trust for her, and secured a settlement with her on that basis; that, in truth, this was not so, and that the settlement should be set aside and held for naught; and she demands, as widow, the full one third of the said stock and other property held in trust by W. A. McNeill at the time of his death, and now held by defendant Jas. F. McNeill.

It is further averred that, down to the time of the death of W. A. McNeill, plaintiff and her brothers-in-law, W. A. and Jas. F. McNeill, were on the most intimate terms; that she relied upon their representations as to the property of H. W. McNeill at the time of his death, and as to the value thereof, and as to how he had disposed of the same, and did not learn of the truth until after the death of W. A. McNeill, when an examination disclosed the truth of the matter alleged in the petition. The prayer of the petition was for the establishment of a trust estate in the hands of Jas. F. McNeill in some

of the capacities named, or individually, and that he make an accounting of the trust property; that the rights of each of the plaintiffs in said trust property be established; and that the property, or its value, with all accumulations, be awarded to them, and for other equitable relief.'

The only question arising on this appeal, is the correctness of the ruling on defendant's motion to strike, because of misjoinder of causes of action. This motion asked that the name of Jas. F. McNeill, wherein he is sought to be interpleaded individually, be stricken out, and to strike out and separate the alleged cause of action against Jas. F. McNeill, individually, from the alleged cause of action against him in an official capacity, as executor of the estate of W. A. McNeill. This motion was sustained, but, as already indicated, the court permitted plaintiffs to file a separate suit against Jas. F. McNeill, individually, without further costs, if they so elected. No other question is involved on this appeal, and the merits of the case are in no manner involved. We must assume, in determining this question, that each and all of the allegations of the petition are true, and that a cause of action is therein stated against defendant Jas. F. McNeill, as an executor, administrator, or trustee of W. A. McNeill, or of his estate, and that he is sought to be held as such; and the real controversy is over the right of plaintiffs to charge him in this suit as an individual, also, holding the property in controversy in trust, for the benefit of the plaintiffs.

1. ACTIONS: joinder: establishing trust: impleading defendant in individual and representative capacity.

The allegations are sufficient to show that the deceased, W. A. McNeill, held the property in trust for the benefit of the plaintiffs, and that his representative may be compelled to account for such of this property as came into his hands, and a trust may be fastened upon it in his hands. Again, under the allegations of the petition, plaintiffs were entitled to have a trust established in the property in the hands of Jas. F. McNeill, individually, under the facts recited, upon

the theory that he had no right, as a representative of the estate of W. A. McNeill, deceased, to assume the trust relations theretofore held by McNeill; but that, as he claims in no other way than as such representative, equity will fasten a trust upon the property in his hands as an individual, and compel him to surrender the property to the rightful owners.

It is doubtful if a representative of one deceased has any right to take upon himself, or to assume, any of the trust relations theretofore existing between the deceased and third persons. The relations existing between trustor, trustee, and *cestui que trust,* are personal in character, and cannot be delegated, and, as a general rule, trusteeship in property does not, upon the death of the trustee, pass to his representative. If he secures the possession of the property, he holds as an individual, and, at the suit of a *cestui,* may be required to account for the property, or its proceeds, as an individual. It is no defense for him to say, when sued, that he holds the property as a representative of an estate, and is, therefore, not liable to have a trust imposed upon it, except as the representative of an estate. Indeed, the action seems to have been brought against Jas. F. McNeill, as an individual, in an attempt to fasten a trust upon certain property in his hands; and, in a sense, it is immaterial as to how he acquired, or, rather, as to how he holds it; that is, whether individually, or as the representative of some other trustee. It is in his hands; for, although a representative of another, that other is not a person, but an impersonal estate. The decree, if one is granted, must run against defendant individually, no matter whether he be called trustee, executor, administrator, or what not. As a matter of safety, it was permissible for plaintiffs to prove all the facts showing how defendant came into possession of the property, his source of title, and his rights therein, and to have a decree declaring how he holds it, fastening a trust thereon, and directing defendant, no matter in what capacity he acts, as to the disposition of the property.

2. EXECUTORS AND ADMINISTRATORS: authority: assuming trusteeship.

It is not really a case where two people are joined, but an action against one person to define his relations to the property which he holds. The decree, when entered, acts upon him personally, in any event, and we do not think there was any misjoinder of causes of action. The cause of action is the same, no matter how defendant be sued. Again, there is, in the motion, a virtual concession that there is no misjoinder of parties, the thought being that independent and distinct causes of action are joined against a proper party defendant, no matter whether he be called a trustee, executor, administrator, or by any other name. See Sec. 3406, Code, 1897, which expressly provides that an executor or administrator has no authority to act in a matter wherein his decedent was merely executor, administrator, or trustee. There was, we think, error in sustaining the motion.

It is said that no appeal will lie from such a ruling, and that we should refuse to consider it; and it is also contended that plaintiffs waived the error, if any, in the ruling. Upon the latter proposition, we may say that the **3. APPEAL AND ERROR: reservation of right of review: waiver: ruling on motion: pleading over.** record shows no voluntary waiver. Plaintiffs were compelled by the court to file an amended and substituted petition, to meet certain rulings made by it, and, in complying therewith, they did not waive the error in the ruling on the motion to strike. We are also disposed to think that, in view of the peculiar nature of the motion, and the **4. APPEAL AND ERROR: when appeal lies: ruling on motion to strike and separate causes of action.** effect the ruling may have on the case, an appeal may be taken therefrom, under the provision of Sec. 4101, Code, 1897. The effect of the ruling was to take Jas. F. McNeill, individually, out of the case which defendant is now insisting upon trying, and to take out from the allegations of the petition all averments as to the individual doings of Jas. F. McNeill. It really dismissed Jas. F. McNeill from the main case as it now exists, although, as we think, he was a

proper, if not indispensable, party to that litigation. Under the express provision of our Code Section 3406, neither an executor nor administrator has authority to act in a matter wherein his decedent was merely an executor, administrator, or trustee, and, as there was nothing left of the original case after the order on the motion, save an action against McNeill as executor, administrator, or trustee, or in some other official capacity, it looks as if this main case had nothing upon which to stand, and as if the merits are so much involved, in so far as the right to recover at all is concerned, as that the order is an appealable one.

A motion to dismiss the appeal has also been submitted with the cases. In view of the disposition we make of it, it is unnecessary to do more than say that the motion is without merit, and that it is overruled.

The order on the motion must be reversed, and the cause remanded for one in harmony with this opinion.—*Reversed and Remanded.*

EVANS, C. J., LADD and WEAVER, JJ., concur.

PRESTON, J., takes no part.