MARY A. MANLEY, Executrix, Appellee, v. CHRIS PAYSEN et al., Appellants.

No. 41321.

OCTOBER 25, 1932.

Wolfe, Wolfe & Claussen, for appellant Salmon Manley.

Ernest L. Miller, for appellant Chris Paysen.

Sutton & Sutton and E. C. Halbach, for appellee.

EVANS, J.—The plaintiff brings her action as administratrix of the estate of Daniel Manley, who was accidentally killed in an automobile collision. Her petition discloses that the decedent was riding with his brother, Salmon Manley, in his automobile and as his guest; that they were driving westerly upon the Lincoln Highway; that some distance ahead of them on the same highway and going in the same direction the defendant Paysen was driving his automobile; that Paysen, while driving on the north side of the highway, turned to the left to enter his field on the south side of the highway; that while he was so turning across the highway, he was overtaken by the Manley automobile; and that a collision be-

tween the two automobiles then and there occurred, which resulted in the death of Daniel Manley.

Her petition charges that Salmon Manley was guilty of reckless driving in that he was driving at an excessive rate of speed and without due caution; that the defendant Paysen was guilty of negligence resulting in the injury in that he gave no warning of his purpose to stop or to turn to the left upon the highway.

The defendants answered separately. The answer of defendant Manley admitted that the decedent was blameless; denied his own recklessness; and averred that the defendant Paysen was negligent as charged in the petition, and that his negligence was the sole cause of the injury.

The answer of defendant Paysen denied negligence on his own part; averred that his co-defendant Salmon Manley was guilty of recklessness, as charged in the petition, and averred that such recklessness was the sole cause of the collision; he denied also that the deceased was the guest of his brother and averred that they were both engaged in a common enterprise, and that both were jointly responsible for the recklessness of the driving. This defendant also filed a counterclaim against the estate of the decedent for damages sustained by himself from such collision.

Paysen in the first instance filed an application that he be allowed a separate trial. Later, a like motion was filed by the other defendant. The general ground of Paysen's application was that the mutual interests of the two defendants were hostile and that the conflict of issues mutually tendered by them would work persistently against co-operation between them; and that the applicant could not obtain a fair trial before the jury unless separate trial was granted. Such is the general nature of the question presented for our consideration.

I. There was no prior concert of action between the two defendants. They were suable jointly for their concurring negligences as alleged in the petition, regardless of prior concert of action between them. The statute, however, expressly authorizes the court to grant separate trials in such a case. Did the court err in refusing to do so? It will be noted that they have nothing in common in the defenses presented. Manley admits that his brother was his guest; Paysen denies it. Manley denies his own recklessness; Paysen avers it. Manley avers that Paysen was negligent; Paysen de-

nies it. Paysen avers that the decedent and the defendant Manley were jointly engaged in the same adventure; Manley denies it.

To these various hostilities between them is added the further fact that the plaintiff's suit against them is not based upon the same legal liability. It will avail the plaintiff nothing, as against defendant Manley, to show that he was *negligent*. She must show that he was guilty of reckless driving. The statute exonerates him from liability for negligence so far as the decedent was concerned. So far as Paysen is concerned, it would be a complete defense for him to show that the *negligence* of defendant Manley was the sole cause of the accident.

This is a sufficient indication of the very complex and abstruse questions which would have to be submitted to the jury in the event of a joint trial. Furthermore, in a joint trial, co-operation between the defendants must be enforced. Manifestly it can not be voluntary where their actual interests are so adverse. In the exercise of peremptory challenges, one defendant may wish to discharge a juror and the other may wish to retain him. Either one may block the peremptory challenges desired by the other. We think the case is one wherein the substantial rights of one defendant or the other would be materially affected by a joint trial. Unless the situation presented herein is sufficient warrant for separate trial, we can hardly conceive of any function to be served by the statute which authorizes the court to grant separate trials.

. The family relationship existing between the defendant Manley and the decedent and the plaintiff is a circumstance proper to be considered by the court in the consideration of the application. This family relationship presumably has its sympathies and its affections. It operates naturally to create a motive for collusion and mutual confidences between such defendant and the plaintiff. Such a situation is not conducive to a fair trial for Paysen even though no collusion exists in fact and even though no mutual confidences are exchanged. In either event it is desirable that no such opportunity or temptation should be presented in the course of the litigation.

II. The plaintiff, as appellee, has filed a motion to dismiss the appeal on the ground that the order appealed from is not appealable. The appellants rely on Division 4, of Section 12823, as follows:

"4. An intermediate order involving the merits or materially affecting the final decision."

We have not had occasion heretofore to pass directly upon the question whether a motion for separate trial in such a case comes within the purview of the statute, as above quoted. We have held in general terms that one of the tests of the appealability of an order is whether it so inheres in a final judgment that it may be reviewed on appeal from the final judgment.

In the case of In re Receivership of Bank of Hamburg, 203 Iowa 1399, we said:

"We have many times said that it is not the policy of the law to permit either party to a controversy to prolong litigation and embarrass the course of justice by prosecuting an appeal from every interlocutory ruling by the trial court, and that the test of the right of appeal from such an order is whether the question is, or will be, inherent in the final judgment, and may be presented on appeal from that judgment."

We have held to the same effect in Northwestern Trading Co. v. Insurance Company, 180 Iowa 878; McClurg v. McEvoy, 188 Iowa 752; Schoenhofen Brew. Co. v. Giffey, 162 Iowa 204; and in other cases needless to cite. The plaintiff puts her special reliance upon the first two cases here cited. In the Hamburg case, the trial court in a receivership proceeding permitted the appellee to file his claim after the expiration of the time for such filing. The nature of the order appealed from is stated in the opinion as follows:

"The court below entered an order that the appellee 'be permitted to file his claim against the receivership and prove the same upon its merits, and this order is made for the sole purpose of permitting the filing and proving of said claim, this court not passing upon the merits thereof.' "

We said:

"We have many times said that it is not the policy of the law to permit either party to a controversy to prolong litigation and embarrass the course of justice by prosecuting an appeal from every interlocutory ruling by the trial court, and that the test of the right of appeal from such an order is whether the question is, or will be, inherent in the final judgment, and may be presented on appeal from that judgment."

In the McClurg case (188 Iowa 752), the defendant moved in the court below that the plaintiff be required to elect·upon which of two counts in his petition he would rely. From an order overruling his motion, he appealed. We said:

"In determining this question, we are required to go no further into the merits than to determine the effect of such ruling. Was the defendant, by it, deprived of some right materially affecting the final decision of the issues? Unless such was the effect of the order, no right of appeal exists. * *·* Applying the test above stated, we must hold that no right of defendant 'involving the merits or materially affecting the final decision' was lost by the order of the court overruling the motion to require plaintiff to elect and to strike, and that, if the ruling was erroneous, it may, by preserving proper exceptions to the further rulings of the court, be reviewed upon appeal from the final judgment * * *."

It will be noted, therefore, that the cited cases are not necessarily controlling of the one before us.

It is doubtless true that the order of the trial court denying separate trials could be made subject to review on appeal from the final judgment. Under the statute, however, if the order be one that materially affects the "final decision" it is rendered appealable as an intermediate order. See Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016. We think that the nature and character of the order appealed from is such as affects the final decision within the meaning of the statute, and that an appeal therefrom is not a dilatory procedure. On the contrary an appeal from the intermediate order operates in aid of speedy justice rather than as an aid to dilatory procedure. The motion to dismiss the appeal will therefore be overruled.

For the reasons indicated in Division 1 hereof, the order appealed from is—Reversed.

STEVENS, C. J., and ALBERT, KINDIG, WAGNER, and BLISS, JJ., concur.

CLAUSSEN, J., having been of counsel, took no part.