F. A. ONTJES et al., Appellees, v. HANFORD MCNIDER et al., Appellants.

No. 42521.

SEPTEMBER 18, 1934.

REHEARING DENIED JANUARY 19, 1935.

Smith & Feeney, and Davis, McLaughlin & Hise, for appellants.

F. A. Ontjes, for appellees.

ANDERSON, J.—This case comes to us on an appeal from rulings upon motions to strike and dismiss. For an understanding of the questions involved in this appeal it is necessary that we review the situation and proceedings in the trial court.

C. H. McNider, a resident of Mason City, Iowa, died October 30, 1928. His will was admitted to probate in Cerro Gordo county on the 4th day of December, 1928. His son, Hanford McNider, and his widow, May H. McNider, were appointed executors, and notice of their appointment and proof of publication thereof was filed in the office of the clerk, December 27, 1928.

On the 6th day of August, 1931, one F. A. Ontjes, who claims to be a stockholder in the Northwestern States Portland Cement Company, a West Virginia corporation, claiming to act in behalf

of said corporation and in behalf of himself and all other stockholders similarly situated, filed a claim in probate against said estate. The claim covers fourteen pages of the printed abstract, and involves an aggregate sum of $2,393,143, made up of various items claimed to be due from the C. H. McNider estate, by reason of certain transactions claimed to have been conducted by the said C. H. McNider while he was an officer and director of the said cement corporation. And it is claimed that he should be held to have been acting as trustee for the cement company in transactions carried on in his individual name in reference to the purchase of shares of corporate stock of other and independent cement companies. The claim also involves alleged excess salary and bonus payments made to the said C. H. McNider by the said Northwestern States Portland Cement Company, while he was acting as an officer and director of said company.

On the 15th day of October, 1931, the claimant filed in probate a petition for the allowance of said claim which contains practically all of the allegations as contained in the claim as filed, and prays that the claim be allowed against the estate in the total sum above mentioned.

On December 18, 1931, the claimant filed an amendment to his petition for allowance of the claim in which several other corporations and May H. McNider and Hanford McNider were added as defendants; the claimant asking in this amendment that the claim as filed be established and allowed as against the rights of the included corporations, and that the executors of C. H. McNider estate be ordered to pay the same.

On April 19, 1932, the claimant filed what is designated as a second amendment to his petition for allowance of the claim. Included in this so-called second amendment was a prayer for an accounting as to the assets of the C. H. McNider estate, and that claimant have judgment against certain corporations and the widow and son of C. H. McNider for the amount of the claim as established.

On the 2d day of May, 1932, motions to strike and dismiss the so-called second amendment to petition for allowance of claim were filed by all of the named defendants. These motions were based upon the grounds that the pretended causes of action as set forth in the said amendment to petition for allowance are not within the jurisdiction of a probate court; that they constitute a misjoinder of causes of action and a misjoinder of parties; that the facts al-

leged do not entitle the claimant to any relief against the individual defendants other than the estate of C. H. McNider; that the said claims as contained in said amendment cannot be prosecuted by the same kind of proceedings as the original claim filed against the C. H. McNider estate; and that said amendment attempts to allege claims against various defendants which are not against all of such defendants.

On May 13, 1932, said motions were ruled upon by the trial court (Hon. M. F. Edwards, Judge, presiding), overruling the same only to the extent that claimant be permitted to prove his claim in the probate proceedings in the matter of the estate of C. H. McNider, deceased; the trial court holding that the first proceeding necessary on the part of the claimant is the establishment of the claim as filed against the estate, and that in the event such claim is finally established, that the matter of additional relief against other parties attempted to be made defendants by the amendments to the petition for allowance might be transferred to equity and there tried, if the occasion arises.

On May 18, 1932, plaintiff filed what is designated an amended petition in equity, which covers twenty pages of the abstract, includes all of the claims and allegations made in the original claim filed against the estate and in the petition for allowance thereof, and the several amendments thereto, also making all of the defendants named in the amendment to petition for allowance of claim, parties defendant.

On May 20, 1932, the executors of the McNider estate filed an answer to the original claim in probate.

On May 21, 1932, the claimant filed a motion to transfer the entire proceedings, including the allowance of the original claim, to equity. Motions to strike and dismiss the so-called amended petition in equity were filed by all of the named defendants, based upon the grounds that the so-called amended petition contains simply repetition of the original petition for allowance of claim and amendments thereto; that the so-called amended petition in equity presents issues that cannot be tried in the probate proceedings, which is a law action; that the matters therein alleged are not within the jurisdiction of a probate court, and that the jurisdiction of the probate court to hear and determine a claim against the estate cannot be ousted or defeated by alleging or presenting equitable issues, as against the estate, its executors, or third persons; that the so-called

amended petition in equity presents a misjoinder of causes of action and of parties defendant.

On September 3, 1932, the trial court (Hon. M. F. Edwards, Judge) made a ruling upon the foregoing motions, and filed a written ruling sustaining all of said motions.

On September 3, the court also overruled claimants' motion to transfer the whole proceedings to equity.

On October 12, 1932, the claimant filed what is designated an amendment to his petition, which in effect restates and reiterates allegations of prior pleadings filed by him.

On October 24, 1932, motions to strike and dismiss this amendment were filed, based upon practically the same grounds as prior motions to the prior pleadings.

On June 28, 1933, a written ruling and order was filed by the trial court sustaining said motions to strike and dismiss.

On August 25, 1933, the claimant filed what is designated as a substituted petition in three counts containing practically the same allegations as were contained in the prior petitions and amendments. There are no separate prayers to the several counts to this substituted petition, but there is a general prayer therein contained which prays the same relief as in prior pleadings.

On September 1, 1933, the claimant filed motion for leave to file separate petitions in reference to each count of the substituted petition, which motion was by the court (Hon. T. A. Beardmore, Judge) on the 20th day of October, 1933, overruled.

On October 24, 1933, the claimant filed what is designated "Second substituted petition" in which he makes as defendants, the executors of the C. H. McNider estate, the Northwestern Portland Cement Company of Iowa, May H. McNider, and Hanford McNider, individually and as trustees, and the First National Bank. This pleading is also in three counts and in which the same statements and allegations are contained as in prior pleadings with the same general prayer.

On the 1st day of November, 1933, motions to strike and dismiss said "Second substituted petition" were filed by all of the defendants therein named, based upon practically the same grounds as is contained in prior motions, with the additional ground that all matters set up in the so-called "Second substituted petition" had been determined adversely to the claimant in prior rulings of the court, and that the attempt to again file practically the same petition

and make the same parties defendants was an attempt to evade the prior rulings of the court and prior judgment dismissing the original defendants out of the proceeding, and that such attempt constitutes a violation of the rights of the defendants and a contempt of the court, and that the said prior rulings constitute and are a full and complete adjudication as against the claimant.

On January 6, 1934, the court entered a written ruling upon these motions to strike and dismiss the "Second substituted petition" and sustained the motions as to counts two and three of the "Second substituted petition" and overruled the motions as to count one. The court also extending leave to claimant to file separate petitions as to counts two and three, if he so elect.

From the order of court overruling the motions as to count one, and the granting of leave to file separate petitions as to counts two and three, this appeal is prosecuted.

It will be noticed by the above brief reference to the many pleadings filed in this proceeding that the claimant has been most persistent in presenting to the trial court his theory of his rights as against the estate involved, and the various other claimed defendants. The abstract and amendments thereto cover more than 225 pages made up wholly of the various pleadings, motions, and rulings of the court upon the alleged claims presented. We are unable to reconcile the ruling of the trial court from which this appeal is prosecuted with the prior rulings of the same court on the same questions, unless it be by the unreasonable persistence of the claimant and by attrition, the patience of the trial court has been exhausted.

We are inclined to the opinion that the defendants pursued the proper remedy in their various motions to strike and to dismiss, and that the various rulings of the trial court, with the exception of the last one from which this appeal is taken, were correct and are sustained by the great weight of authority. The last pleading filed, known in the record as the "Second substituted petition", contains a repetition of matters that had been set forth in prior petitions and amendments, and does not in any way change the issues as presented by prior pleadings. It appears patent that the claimant has attempted by the filing of this last pleading, as well as some of the preceding ones, to evade the prior rulings of the trial court. The court had already ruled that the claimant could not pursue such a course of pleading and evade trial of the main question at issue in

the probate court, that is, the establishment of its claim against the McNider estate, and such ruling was correct. Myers v. Wendel, 198 Iowa 859, 200 N. W. 431; Swartzendruber v. Polke, 205 Iowa 382, 218 N. W. 62, 65.

In the Polke case, we said:

"The instant plaintiff did attempt to amend, but a comparison of the language of his second amended and substituted petition with the language of its predecessor will disclose the identical intent and content. No new or further cause of action was stated. The filing of a pleading once held insufficient on demurrer is properly reached by a plea to the jurisdiction which, in this case, in legal effect, was a motion to strike and was so treated by the trial court since the enrolled order read, 'That said amended and substituted petition should be and it is stricken from the files.' "

In the case at bar the motions to strike and dismiss the amended petition in equity were sustained by the court. A comparison of that pleading with the amendment later filed, and with the last substituted petition filed, shows that the last is but a reiteration and restatement of the matters contained in prior pleadings, and that the last so-called "Second substituted petition" should not have been permitted to stand.

The only issue triable in this proceeding is triable in the probate court upon the original claim as made by the claimant against the estate of C. H. McNider, and such claim should be disposed of first as a matter in probate, without joining other issues and questions, which may be properly adjudicated in the event the claimant prevails in the establishment of his claim against the estate. The trial court was correct in its rulings when it held:

"This court has already ruled in this matter that this was a proceeding in probate to establish a claim against the C. H. McNider estate, and that such claim must be heard in probate as a law case, and the facts be submitted to a jury unless the parties waive a jury trial. That this court has heretofore ruled that plaintiffs have a right to transfer to equity all equitable matters relating to securing funds from said estate to satisfy any claim that plaintiff may secure to be established against said estate in the manner herein indicated. That until said claim is disposed of there can be no proceeding in equity or liability against certain named defendants."

In the determination of the question of a claim against an estate the probate court has jurisdiction in respect to all matters necessary for the determination of the question of liability. However, the present proceeding does not involve the enforcement of any trust, nor the impressing of a lien upon any property, until at least the claim is established against the estate of C. H. McNider. The prosecution of the claim against the estate should proceed in an orderly way. Alleged claims against third parties who may at some time be required to account to the creditors of the estate should not be litigated, certainly, before the claim of the creditor has been established.

The claimant-appellee has filed a motion to dismiss the appeal on the ground that the order appealed from is not an appealable order. It must be conceded that if the order appealed from is within the provisions of paragraph 4 of section 12823 of the Code, it is an appealable order. That is, if it involves the merits or affects the final decision, it is appealable, regardless of whether the question could be preserved or reviewed upon appeal from the final judgment. We are satisfied that the questions involved and raised by the motions here under consideration do involve the merits and materially affect the final decision on the main question.

We had a similar question under consideration in the case of Dorman v. Credit Reference & Reporting Co.. 213 Iowa 1016, 241 N. W. 436. In that case we said:

"It is not always easy to determine whether an intermediate order necessarily involves the merits or materially affects the final decision. The test by which the right of appeal from an intermediate order is to be determined is: Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment?" Continuing we said: "As stated above, it is the right of the party aggrieved to elect to stand on his pleading, permit judgment to be entered against him, and, on appeal therefrom, obtain review on a ruling upon a motion to strike or for more specific statement, but such course often involves considerable hazard. We have in a few cases inadvertently said that no appeal will lie from the ruling of the court on a motion to strike, unless the aggrieved party elects to stand on his pleading and permits judgment to be entered against him. In re Delaney's Estate, 207 Iowa 451, 223 N. W. 486; Porterfield v. Grand Lodge, 212 Iowa 1181, 236 N. W. 381; Joslin v. Bank, 213 Iowa 107, 238 N. W. 715."

We incidentally notice that the cases cited in the above quotation are cited and relied upon by the appellee-claimant in support of his motion to dismiss this appeal. It will be noticed also that we said in the foregoing quotation that the ruling in the cited cases was inadvertently made. We further said in the Dorman v. Credit Reference & Reporting Co. case:

"In so far as we have held in a few cases that. on a motion to strike which is not the equivalent of a demurrer, the party must stand on his pleadings and permit judgment to be entered against him before appealing, we are in error, and such will not hereafter be the rule of this court. There is no warrant for such a rule under the statute, and in reality the holding is in conflict therewith." We further said: "If, however, the ruling, although intermediate or interlocutory, involves the merits or will materially affect the final decision. a direct appeal may be taken therefrom. This the statute in very clear terms permits."

The rule announced in the Dorman case was restated and followed in the recent cases of Manley v. Paysen, 215 Iowa 146, 244 N. W. 863, and Ellis v. Bruce, 215 Iowa 308, 245 N. W. 320. The only case in which the appellee can find any support for his position that the order appealed from in this case is not an appealable order is the case of Federal Surety Company v. Des Moines Morris Plan Co., 209 Iowa 339, 228 N. W. 293. A general announcement was made in that case which might in some circumstances be held to support the position of the appellee, but the decisions in the Dorman v. Credit Reference & Reporting Co. case, Manley v. Paysen, and Ellis v. Bruce, plainly and definitely announce a different rule and it must be held that the later cases overrule and repudiate the announcement made in the Federal Surety Company case. We therefore hold that the order appealed from in the case at bar is an appealable order.

A further question is raised by the claimant that the appellants waived their appeal by filing answer to count one of "Second substituted petition". With this contention we cannot agree. A notice of appeal was served and filed four days after the order appealed from was entered. On the same day appellants filed an application for a stay in the district court until the appeal was disposed of. The trial court denied such application The claimant then filed a motion for default, based upon the failure of defend-

ants to answer count one of the "Second substituted petition". A resistance to this motion for default was filed and also an answer by the defendants to count one, and in such answer the defendants expressly recited that they did not waive their motions to strike and dismiss, nor their appeal from the order denying the same. It thus appears that the defendants were bound to answer to avoid a default and judgment against them. They answered under coercion and through necessity. There was no voluntary waiver of defendants' appeal. We find no decisions of this court, and we are cited to none by the appellee, which hold that the filing of an answer under the circumstances here shown constitutes a waiver of an appeal already taken. We do have, however, a decision of this court holding that under circumstances less coercive than existed in the present proceeding, the filing of a pleading after such a ruling does not waive the right to appeal. Such case is Birks v. McNeill, 177 Iowa 567, 159 N. W. 210. This was a suit in equity to establish and enforce a trust. The defendant individually and as trustee filed a motion to strike and for a more specific statement, and also a motion to strike and separate the causes of action. These motions were sustained either wholly or in part, and plaintiff was given leave to file separate suit against the defendant individually. The plaintiff appealed directly on such ruling on said motions. He also filed a substituted petition to meet the ruling of the court on the motions. There was a motion in this court to dismiss the appeal on the ground that the order sustaining the motion was not an appealable one, and it was also claimed that by filing a substituted petition in accordance with the order of the court the plaintiff waived the error of the trial court in its ruling upon the motions. Under such a state of record, we said on pages 574 and 575 of the opinion in 177 Iowa:

"It is said that no appeal will lie from such a ruling and that we should refuse to consider it, and it is also contended that plaintiffs waived the error, if any, in the ruling. Upon the latter proposition we may say that the record shows no voluntary waiver. Plaintiffs were compelled by the court to file an amended and substituted petition to meet certain rulings made by it, and in complying therewith they did not waive the error in the ruling on the motion to strike. We are also disposed to think that in view of the peculiar nature of the motion and the effect the ruling may have on the case, an appeal may be taken therefrom under the provision of section

4101 of the Code (section 12823, 1931 Code.) * * * A motion to dismiss the appeal has also been submitted with the cases. In view of the disposition we make of it, it is unnecessary to do more than say that the motion is without merit, and that it is overruled."

Following the foregoing quoted ruling, we conclude that appellants did not waive their motions or the rulings thereon or the appeals that had been taken from such rulings by filing answer to avoid a default and expressly stating in such answer that they did not waive their motions or the rulings thereon, or the appeals that had been taken, but expressly relied and insisted thereon. It follows that the motion to dismiss the appeal must be, and it is, overruled.

■ It appears that this matter has been pending in the trial court since the filing of the original claim, August 6, 1931. For more than three years the claimant has persistently contended through repeated petitions, amendments, and various substituted petitions to inject into the proceedings his theory as to his rights as against parties other than the estate against which his original claim was filed. There were no appeals from rulings striking and dismissing the various pleadings of the claimant, and such rulings and judgments were met by the claimant only by refiling like or similar pleadings in place of the ones the court had stricken and dismissed. The original claim as made against the C. H. McNider estate should be tried and disposed of, and, if established, the claimant may proceed in any way open to him to reach the assets of the estate to satisfy any judgment that he may obtain, or he may proceed to assert, in the proper forum, any claims that he may have against third parties independently and apart from the claim against the estate.

It is our conclusion that the order of the trial court overruling the motions to strike and dismiss count one of the "Second substituted petition" was erroneous, and the case should be, and it is, reversed on the appeals of all defendants, and remanded with instructions that the issues remaining be disposed of expeditiously and in conformity with the mandate of this opinion.

Reversed and remanded.

MITCHELL, C. J., and CLAUSSEN, KINTZINGER, STEVENS, and DONEGAN, JJ., concur.