W. J. FAY, Administrator, Plaintiff, Appellee, v. JOHN M. DOROW, Defendant, Appellee, JOHN W. WILLARD et al., Defendants, Appellants.

No. 43901.

NOVEMBER 16, 1937.

W. J. Jackson and Byington & Rate, for plaintiff-appellee.

Will J. Hayek and Grimm, Elliott, Shuttleworth & Ingersoll, for defendant-appellee.

E. A. Baldwin and Putnam, Putnam, Fillmore & Putnam, for defendants-appellants.

ANDERSON, J.—The plaintiff, as administrator of LeRoy T. Fay, brought the instant action seeking to recover from the de-

fendants, Dorow and the Willards, for the death of the decedent, LeRoy T. Fay, resulting from injuries received in a collision between automobiles driven by the defendant, Dorow, and the defendant, John W. Willard, Jr. Plaintiff's petition alleges that the decedent was riding in the rear seat of a Chevrolet sedan owned by the defendant, John W. Willard, Sr., and being driven by the defendant, John W. Willard, Jr., in a westerly direction on U. S. Highway No. 30 near the town of Mechanicsville, Iowa; that a Chevrolet coupe owned and driven by the defendant, Dorow, was proceeding in an easterly direction and toward the Willard automobile; that the two automobiles collided just outside the corporate limits of Mechanicsville, Iowa; and that as a result of said collision the decedent received injuries from which he soon thereafter died. The plaintiff further alleges that the collision and resulting injuries and death "were the direct and proximate result of the concurrent, reckless, and negligent conduct of said defendants." Four specific violations of the law of the road were alleged against the driver of each of the cars involved, as follows: The defendant, Willard, Jr., is charged (1) with failing to yield one-half of the traveled portion of the highway as he approached the oncoming car; (2) that he failed to have his car under control; (3) that he failed to keep a proper lookout; and (4) that he was operating his automobile at an excessive rate of speed. The same identical charges were made against the defendant, Dorow. The allegation is then made: "The said negligent and reckless acts and conduct of said defendants in the particulars set out above operated jointly and concurrently as the direct and proximate causes of the collision and resulting injuries to said decedent, LeRoy T. Fay." Then follow allegations that the decedent was free from contributory negligence; itemized statements of damages, and a demand for judgment against all defendants for a sum in excess of $25,000.

To this petition the defendants, Willard, filed a motion "to require the plaintiff to make his petition more specific by stating whether he charges the said defendants with both reckless and negligent acts or omissions and whether at the same time he alleges that the plaintiff's decedent was a guest in the Willard car. And in support hereof these defendants show to the Court that the present allegations of the petition are too ambiguous, general, vague and indefinite to apprise the defendants of the

precise nature of the charge against them.'' This motion was overruled by the court and from such ruling this appeal is prosecuted.

■■■ Some question is raised as to the right of the appellants to appeal from the ruling on a motion for more specific statement, but there is no merit to such contention. Section 11127 provides that when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or offense is not apparent, the court may, on motion, require it to be made more certain and specific.

Paragraph 4 of section 12823 of the Code provides that an appeal may be taken to the supreme court from ''an intermediate order involving the merits or materially affecting the final decision.''

In Dorman v. Credit Reference Co., 213 Iowa 1016, 1026, 241 N. W. 436, 441, this court had under consideration this precise question and held that the order was appealable, and in disposing of the matter used the following language:

''It is a matter of common knowledge to bench and bar that many pleaders seek to confuse their antagonists by a system of 'blind' pleading, which, without giving any definite information, yet contains a general allegation which appears sufficient. Unless the trial court sustains a motion for more specific statement to such a pleading, the defense must prepare to meet everything which could possibly be considered under the general allegation. This results in wholly unnecessary expense and delay. * * * It is our conclusion that the motion for more specific statement as to the foregoing matters should have been sustained, upon the ground that the information sought is clearly within the requirements of section 11127 of the Code of 1931.'' See also Ontjes v. McNider, 218 Iowa 1356, 256 N. W. 277; Ellis v. Bruce, 215 Iowa 308, 245 N. W. 320; Manley v. Paysen, 215 Iowa 146, 244 N. W. 863.

In the Dorman case, supra, this court announced the test by which the right of appeal from an intermediate order shall be determined, as follows:

''Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment?''

278

The appellee contends that the ruling of the trial court was correct and that no appeal lies therefrom for the reasons that the petition advises the defendants that plaintiff claims both recklessness and negligence on the part of both defendants, and that the defendants should be prepared to meet the charge of recklessness as well as negligence; and that the plaintiff is not in possession of the facts necessary to advise the defendant whether the decedent was a guest or not; and that even if decedent was a guest in the Willard car, and that the defendants, Willard, were only liable for recklessness, that it does not follow that they would be entitled to a separate trial. But these contentions are no answer to the defendants' claim that there was error in overruling their motion for more specific statement.

■■■ It is true that the general rule is that joint tort-feasors may be joined in one action, and also that the granting of separate trials is ordinarily largely a matter within the discretion of the trial court. However, it is apparent from a reference to the plaintiff's petition that something more is necessarily involved than the mere liability of joint tort-feasors. It is true that the petition charges all defendants with both reckless and negligent acts, or omissions to act, but it does not charge that the decedent was a guest in the Willard car. If he was a guest then the allegations of negligence against him would be surplusage and would add nothing to the pleading, and if he was not a guest then the charge of recklessness would be surplusage and would add nothing to the pleading. The only allegation in the pleading as to the status of the decedent is that he was "riding" in the rear seat of the Willard car. It clearly does not appear whether plaintiff is relying as against the defendants, Willard, on the relationship of guest on the part of decedent, in which event it would be necessary to charge recklessness, or whether he is relying upon some status other than that of guest, in which case a charge of negligence alone would be sufficient. The standard of care would be different in either case. If decedent was a guest then the standard of care involved would be whether the driver of the car was guilty of some act which constituted recklessness. And if the status of decedent was other than that of guest, then the standard of care would be only to avoid a charge of negligence. We have frequently defined recklessness and negligence, and it must be known and recognized by the

profession that there is a wide difference between the two. Siesseger v. Puth, 213 Iowa 164, 239 N. W. 46.

It is apparent that the interests of the defendants, Willard, and the defendant, Dorow, are hostile and opposed. If the decedent was a guest, then it would be necessary, under the present pleading, to show as against the defendants, Willard, that they were reckless, and only necessary to show as against the defendant, Dorow, that he was negligent. Each of the defendants may and probably will contend on the trial that the acts and conduct of the other was the sole proximate cause of the collision and resulting injuries. Obviously the issues would necessarily be complex and abstruse and without question the jury would be confused and perplexed if the charge as to recklessness of the defendants, Willard, and issue as to the negligence as to the defendant, Dorow, were submitted to it for determination.

In the case of Manley v. Paysen, 215 Iowa 146, 244 N. W. 863, an opinion written by the late Justice Evans, this court had under consideration a motion for separate trials in a case in which one defendant was charged with recklessness because of a guest relationship, and the other with negligence, and in that case we held that a separate trial should be granted. And in making such ruling we said:

"There was no prior concert of action between the two defendants. They were suable jointly for their concurring negligences as alleged in the petition, regardless of prior concert of action between them. The statute [Code 1931, §11437], however, expressly authorizes the court to grant separate trials in such a case. Did the court err in refusing to do so? It will be noted that they have nothing in common in the defenses presented. Manley admits that his brother was his guest; Paysen denies it. Manley denies his own recklessness; Paysen avers it. Manley avers that Paysen was negligent; Paysen denies it. Paysen avers that the decedent and the defendant Manley were jointly engaged in the same adventure; Manley denies it.

"To these various hostilities between them is added the further fact that the plaintiff's suit against them is not based upon the same legal liability. It will avail the plaintiff nothing, as against defendant Manley, to show that he was negligent. She must show that he was guilty of reckless driving. The

statute exonerates him from liability for negligence so far as the decedent was concerned. So far as Paysen is concerned, it would be a complete defense for him to show that the negligence of defendant Manley was the sole cause of the accident.

"This is a sufficient indication of the very complex and abstruse questions which would have to be submitted to the jury in the event of a joint trial. Furthermore, in a joint trial, cooperation between the defendants must be enforced. Manifestly it cannot be voluntary where their actual interests are so adverse. In the exercise of peremptory challenges, one defendant may wish to discharge a juror and the other may wish to retain him. Either one may block the peremptory challenges desired by the other. We think the case is one wherein the substantial rights of one defendant or the other would be materially affected by a joint trial. Unless the situation presented herein is sufficient warrant for separate trial, we can hardly conceive of any function to be served by the statute [Code 1931, §11437] which authorizes the court to grant separate trials."

It is true that the petition in the Paysen case was more definite and certain than the petition in the instant case, but the language used in the determination of the right of one of the defendants to a separate trial is very pertinent to a determination of the question involved in this appeal. If the decedent was a guest in the Willard car then under the ruling in the Paysen case the Willards would be entitled to a separate trial.

■■■ It is clear that the statement in the petition to the effect that the collision and resulting injuries and death "were the direct and proximate result of the concurrent, reckless, and negligent conduct of the said defendants" does not apprise the defendants as to whether the plaintiff is relying upon recklessness as to one defendant and negligence as to the other, and that it is ambiguous, general, vague, uncertain, and indefinite, and that if it is allowed to stand in its present form will result in prejudice to the rights of the defendants. In any lawsuit the defendants are entitled to be intelligently and definitely apprised as to the charge against them to the end that they may be prepared to meet such charge and take advantage of any legal rights they may have. In the instant case defendants would be entitled to separate trials if the decedent occupied the status

of guest in the Willard car, and if they are not advised as to whether such status existed prior to the trial of the case then they are defeated of that legal right. We are of the opinion that the motion was sufficiently explicit to require the plaintiff to state whether he was relying both upon recklessness and negligence, and if upon recklessness to state such facts as would place him within that rule. The plaintiff is asserting and claiming a legal right to recover damages, he must place himself in such a position as to be entitled to that right without camouflage and without resorting to a blind and concealed statement of the facts upon which he must rely.

We are of the opinion that the plaintiff must be required to state whether he claims against the defendants, Willard, on the ground of negligence by reason of the status of the decedent being something other than that of guest, or upon the ground of recklessness by reason of the decedent occupying the status of guest, and that the trial court was in error in overruling defendants' motion for more specific statement. It necessarily follows that the ruling of the trial court must be and it is reversed.—Reversed.

HAMILTON, C. J., and KINTZINGER, DONEGAN, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.