Dwight L. Brake et ux., Appellees, v. Central Service Company, Appellant.

No. 46108.

December 30, 1942.

Herrick, Sloan & Langdon, of Des Moines, for appellant.

H. M. Coggeshall, of Des Moines, for appellees.

Oliver, J.—This is a companion case to Gabrielson v. Central Service Co., 232 Iowa 483, 5 N. W. 2d 834. In the case at bar each property consists of a house and one or two lots in the platted subdivision known as Olmstead Place. Each count of the petition contains a recital of ownership and legal description of one property, an allegation of injury thereto, the amount thereof, and a prayer for recovery therefor. In each count the allegations of the cause of the injury are the same. The answer is in eleven identical counts, each directed to a corresponding count of the petition.

Section 10961, Code of Iowa, 1939, provides:

"The court may direct all or any portion of the issues joined to be tried separately * * *."

Section 11437 provides:

"The court may, in its discretion, allow separate trials between the plaintiff and any defendant, or of any cause of action united with others, or of any issue in an action * * * ."

Defendant's demand for separate trials is based upon the theory that trial upon eleven counts will be so complicated that the jury will become confused and will be unable to differentiate between the evidence relating to various counts and that the court will be unable to instruct properly thereon.

There is no complication so far as parties are concerned. The two plaintiffs, a husband and wife, are joint owners of the claims. There is one defendant. One of said counts is based upon the ownership by plaintiffs of a residential property. The other ten are based upon assignments of claims of owners of other properties. See Carson P. S. & Co. v. Long, 222 Iowa 506, 268 N. W. 518. The situation is the same as though plaintiffs had been the joint owners of each residential property involved.

In Miller v. American Bonding Co., 257 U. S. 304, 308, 42 S. Ct. 98, 99, 66 L. Ed. 250, 252, the court said:

"In actions at law the general practice is to try all the issues in a case at one time; and it is only in exceptional instances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subjects of separate trials. Whether this reasonably may be done in any particular instance rests largely in the court's discretion."

This appears to be the accepted rule. 64 C. J. 39.

Appellant relies upon Manley v. Paysen, 215 Iowa 146, 147, 244 N. W. 863, 84 A. L. R. 1330, and Fay v. Dorow, 224 Iowa 275, 276 N. W. 31, which follows the Manley case. Therein are certain statements with reference to the complexity of the issues confusing and perplexing the jury. However, the decision in the Manley case states:

"The general ground of Paysen's application was that the mutual interests of the two defendants were hostile and that the conflict of issues mutually tendered by them would work persistently against co-operation between them, and that the applicant could not obtain a fair trial before the jury unless separate trial was granted."

The issues in Wells v. Wildin, 224 Iowa 913, 919, 920, 277 N. W. 308, 312, 115 A. L. R. 169, were similar to those in the Manley case. However, in the Wells case, the same person was charged in one count with recklessness and in a separate count with negligence. It was there contended:

"That the failure of the court to order separate trials resulted in such confusion that the defendant was deprived of a fair trial; that the instructions were so complicated and complex that the jury was confused as to the law applicable to the various situations and as a result thereof the defendant suffered prejudice."

The court disposed of this complaint as follows:

"The instructions and answers to the interrogatories * * * refute the argument of appellant that the jury was confused by the complexity of the submission to the extent of depriving him of a fair trial."

We think it fair to conclude that the real basis for the holding in the Manley case was that stated in the headnote thereto, 215 Iowa 146:

"Reversible error results from refusing a separate trial to a defendant who is sued jointly with another for damages consequent on his alleged *negligence,* and on the alleged *recklessness* of his co-defendant, the defensive issues of the two defendants being wholly hostile to each other, and the opportunity existing for collusion between the plaintiff and such other defendant."

None of the foregoing elements are present in the case at bar. Here the situation is comparable to that in Wells v. Wildin, supra.

Appellees point to Akely v. Kinnicutt, 238 N. Y. 466, 144

N. E. 682, in which, under a statute permitting joinder, 193 plaintiffs joined in an action at law against one defendant based upon alleged fraud in separate sales of corporation stock to the various plaintiffs. It was held the causes of action were not so numerous that it could be said, as a matter of law, that the trial court erred in holding separate trials were not necessary.

In Gabrielson v. Central Service Co., supra, it appears that a number of the assignors in the case at bar were permitted to testify as to the effect of the subsidence upon their respective properties. We there held testimony as to the general effect of the subsidence, which was a part of the general effect of the cave-in, was properly admitted to show the extent thereof and that evidence of the noise of blasting was also admissible. Therefore, it would seem proper to assume, without so holding, that evidence of the general effect of the subsidence upon all the property may be admissible as to each separate count of the petition. In any event the record at this time does not justify a contrary assumption.

All the subsidence and twisting of the surface of the earth upon the various properties is allegedly due to the same cause. The principal questions of law and fact in each count are common. While the alleged damage to each property is not identical in detail or amount, the issues are not so complex and abstruse as to prevent either party from having a fair trial. It is the present tendency of courts to expedite litigation and avoid needless expense. There may be some disadvantages to each side in a trial upon all counts, but there would be other and greater disadvantages in separate trials, to say nothing of the greatly increased burden of expense and other inconveniences both to the parties and to the public, if the principal issue between the same plaintiffs and the same defendant must be tried eleven times.

We conclude there are here no exceptional circumstances which furnish special and persuasive reasons sufficient to justify a holding that the refusal to grant separate trials was an abuse of discretion.—Affirmed.

STIGER, GARFIELD, BLISS, and MITCHELL, JJ., concur.

WENNERSTRUM, C.J., and HALE and MILLER, JJ., dissent.