## McMurray et al. v. Day.

1. **Appeal:** FINAL JUDGMENT: WHAT IS: TIME OF APPEALING. Where an action was brought to determine plaintiffs' right to the land in question,—plaintiffs affirming and defendant denying that right,—and the court adjudged that plaintiffs were entitled to the land, and rendered a decree December 17, 1884, that defendant convey the land to the plaintiffs, upon the payment to him, with interest, of the sum paid by him, together with the value of the substantial improvements made by the defendant, less the rents and profits and the value of certain timber taken by him, and then referred the case to a referee to take an account, and his report was filed and approved, and a decree was rendered thereon, April 18, 1885, *held* that the decree of December 17, 1884 was final as a determination of the substantial rights of the parties, and that the time for taking an appeal therefrom must be computed from the date thereof, and not from the date of the decree on the report of the referee. (Compare *Williams v. Wells*, 62 Iowa, 747.)

2. **Real Estate:** EJECTMENT: ALLOWANCE FOR IMPROVEMENTS. Where an occupant of real estate is, upon ejectment, allowed for improvements made by him while in possession, the allowance must be measured by the benefits which the true owner will receive from the improvements; and the decree in this case is modified (see opinion) to conform to this rule.

3. **Costs:** MADE BY LACHES OF SUCCESSFUL PARTY: WHO PAYS. Where certain costs in a chancery case would not have been necessary but for the *laches* of the plaintiffs in asserting their rights, they cannot complain that half of such costs were taxed to them, though the decree was in their favor.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JUNE 16, 1886.

ACTION to set aside a deed of a certain tract of land in Polk county, made by plaintiffs to defendant, and for a decree that he reconvey the same; and also for a decree for an accounting in regard to rents and profits and improvements. There was a decree for the plaintiffs. The defendant appeals.

*Barcroft & Bowen* and *Sickmon & Long*, for appellant.

*Goode, Phillips & Read* and *Hutchinson & Read*, for appellees.

ADAMS, CH. J.—The plaintiff Mary A. McMurray is the widow of Hiram McMurray, deceased, and the other plaintiffs are his children. Hiram McMurray died in 1876, leaving the land in question and considerable other property. He was also somewhat in debt. The defendant was appointed administrator, and qualified and acted as such. In the course of the administration it was represented by the defendant, and believed by the plaintiffs, to be necessary to sell the real estate in question to raise money to pay the debts of the estate. The plaintiffs aver, in substance, that it was not in fact necessary, but had been made to appear so by the defendant; that the defendant, by his conduct and representations, depreciated the market value of the property, and prevented it from being sold for its full value, and finally induced the plaintiffs to sell the same to him at a grossly inadequate price; that they conveyed the same to him under a misconception of the true facts of the case, induced by him. Issue was joined, a trial was had, and on the seventeenth day of December, 1884, a decree was rendered that the defendant reconvey the land to the plaintiffs, upon the payment to him, with interest, of the sum paid by him, and upon the payment also of the value of the substantial improvements made by the defendant, less the rents and profits and the value of certain timber taken by him. The case was then referred to R. N. Baylies to take an account. His report was filed and approved, and decree was rendered thereon April 18, 1885. The appeal was taken October 13, 1885.

I. The first question presented is as to whether the original decree of December 17, 1884, is now subject to review. The plaintiffs insist that it is not. Their position is 1. APPEAL: final judgment: what is: time of appealing. that that decree constitutes a final judgment, and is reviewable in this court only upon an appeal therefrom, taken within six months from the time of its rendition. Counsel for the defendant concede that an appeal cannot be taken from a final judgment after six months from its rendition, but they deny that the decree of

December 17, 1884, was a final judgment. It was, of course, not a final judgment in the sense that it was the last judgment rendered in the case; but it is manifest that there is another sense in which the words "final judgment" may be used, and that is to denote the final determination of a substantial right for which the action was brought. This action was brought to determine the plaintiffs' right to the land in question. They asserted that right, and the defendant denied it. The court adjudged that the plaintiffs had such right. It is true that there were certain equities in favor of the defendant. He had paid the plaintiffs a certain sum for the land, and was entitled, after accounting for rents and profits, to be reimbursed. The exercise of the right on the part of the plaintiffs was made contingent upon their paying the defendant what he was equitably entitled to. But for that fact there would have been no need of a second decree. But the former adjudication was in no way dependent upon the state of the account, or upon the plaintiffs' payment. Nothing could be developed in the subsequent proceeding which could affect its correctness, or require it to be changed. It was final, we think, if a decree ever can be final, where something more is to be ascertained and done in order to give the party in whose favor it was rendered a right to its enjoyment.

The precise question before us does not appear to have been determined by this court; but in *Williams v. Wells*, 62 Iowa, 747, language was used which goes far to support the views which we have expressed. That was an action for partition. Mr. Justice BECK said: "It will be observed that the decree settling the rights and interest of the parties to the land is, in effect, final, so far as to settle all the rights of the parties. Subsequent decrees and orders are supplementary in character, and are intended to effectuate the remedy provided by law to the end that the land may be partitioned between the holders of the title according to

their respective interests. These supplementary proceedings, indeed, pertain to the enforcement of the final judgment determining the rights of the parties."

It is equally manifest that in the case at bar the subsequent proceedings pertained merely to the enforcement of the original decree. If in the case cited the subsequent proceedings were merely supplementary, they were so in the case at bar; and if in the case cited the adjudication settling the respective interests was a final judgment, the original decree in the case at bar settling the controversy respecting the plaintiffs' right to the land was a final judgment. All else pertained merely to the enforcement of that judgment. It is true that in the case cited the court expressly said that it did not hold that the decree settling the respective interests might not be appealed from at any time within six months from the confirmation of the commissioners' report; but that question was not before the court, and there was no occasion to rule on it, and the court properly refused to do so. In our opinion, the right to a review of the decree of December 17, 1884, was lost.

II. The court below allowed the defendant for improvements so much as the court considered that they increased

**2. REAL estate: ejectment: allowance for improvements.** the value of the real estate. From its decree in this respect the plaintiffs and the defendant both appeal. The plaintiffs contend that the court allowed more than the evidence justified, and the defendant contends that the court should have allowed the cost of the improvements, which appears to have been somewhat more than the increase in value of the real estate resulting from the improvements. Where an occupant of real estate is allowed for improvements made by him while in possession, the general rule as to the amount which should be allowed is, we think, properly expressed in Story, Eq. Jur., § 799. The allowance, it is said, must be measured by the benefits which the true owner will receive from the improvements. This is, in substance, the rule

adopted by the court below, and, in our opinion, it must be held applicable to this case. Our attention has not been called to any adjudged case where the occupant has been allowed more. The defendant's position is that the case at bar does not fall within the general rule, because the plaintiffs' right of recovery was based upon the fact that the defendant sustained a fiduciary relation to them, which made the sale voidable at the election of the plaintiffs, and that the improvements were made before the election was exercised, and while he was the actual owner of the property. But, the election having been exercised, the defendant must be regarded as having wrongfully acquired the title, and as holding the same in trust for plaintiffs during such reasonable time as the plaintiffs had to elect to avoid the title. It would be a hardship upon the wronged party if he could be charged with improvements which did not enhance the value of the property, or with the cost of improvements which exceeded the enhancement in value. In our opinion, then, the defendant's position cannot be sustained.

When we come to the question as to whether the court allowed too much, even according to its own rule, we have some difficulty. The evidence is not very clear. It appears to us, however, that the court erred in allowing for the moving of the house, and other things incident thereto; as digging a cellar, and constructing the cellar wall, etc. The items which we think are objectionable amount to $144.50. The evidence shows very clearly that the site from which the house was moved was an excellent one, and that to which it was moved was in some respects not good. The defendant's object, we understand, was to clear the original site for a new house, which he contemplated placing there. But the evidence, we think, shows that the value of the property was not enhanced by the removal, and, in our opinion, nothing should have been allowed therefor. The plaintiffs contend that the court should have charged the defendant for more

rent, but we are disposed to let the decree stand upon that point.

The court taxed half of the costs of the proceedings in taking an account to the plaintiffs. They complain of the

3. COSTS: made by laches of successful party: who pays.

action of the court in this respect, but if the plaintiffs had exercised their right to rescind as early as they might have done, there would have been few, if any, improvements made, and very little account to be taken. We think that the plaintiffs have no just ground for complaint in respect to costs.

We think the decree on the defendant's appeal must be affirmed, and on the plaintiffs' appeal

MODIFIED AND AFFIRMED.