EGGERT & LOCKWOOD, Appellants, v. THE INTERSTATE INVESTMENT & DEVELOPMENT CO.

**New trial:** DISCRETION. A ruling of the trial court in setting aside a verdict because not supported by the evidence is largely a matter of discretion, and when clearly within an exercise of proper discretion will not be disturbed on appeal.

**Interlocutory orders:** APPEAL. An appeal will not lie from an order overruling a motion for a directed verdict, where there has not been a final determination of the rights of the complaining party; as where such party was afterwards granted a new trial and the cause was still pending for trial on its merits.

*Appeal from Floyd District Court.*—HON. J. F. CLYDE, Judge.

TUESDAY, MARCH 15, 1910.

ACTION on an account for attorney's fees. The defendant denied that the service for which plaintiffs' charges were made were rendered to or in behalf of defendant, and by way of counterclaim alleged that moneys received by plaintiffs and credited on their said account to defendant were unlawfully paid to plaintiffs and received by them, and asked judgment against plaintiffs therefor. At the conclusion of the evidence, defendant moved for a directed verdict as to plaintiffs' claim. On the overruling of this motion, the court submitted the case to the jury on the issues raised by the pleadings and the evidence, and required the jury to return findings of fact. By the answers returned and the general verdict the jury found in favor of plaintiffs for the entire amount of their account. On motion of defendant the verdict and findings of the jury were set aside and a new trial was granted.

Plaintiffs appeal from the order of the court setting aside the verdict and special finding, and granting a new trial, and defendant appeals from the action of the court in overruling a motion for a directed verdict on plaintiffs' claim. Plaintiffs, having first appealed, will be treated as appellants. *Affirmed* on plaintiffs' appeal; defendant's appeal *dismissed*.

*Eggert & Lockwood, pro se.*

*Yoran & Yoran* and *Hurd, Lenehan & Kiesel,* for appellee.

McCLAIN, J.—The defendant, a corporation organized under the laws of Iowa, being the owner of certain real estate on which there are located as claimed by it lithographic and cement stone quarries, certain directors thereof purporting to represent the defendant company entered into some negotiations with a corporation organized in the state of New York referred to in the record as the Radio Company for the transfer of the properties of the defendant to the said Radio Company in exchange for stock in the latter company. Subsequently other stockholders of the defendant company brought an action in the Circuit Court of the United States to set aside certain transfers of stock of the defendant company to the Radio Company and for other relief. In this litigation plaintiffs appeared for the stockholders of the Interstate Company and resisted the relief asked by plaintiffs in the suit. A portion of the charges in plaintiffs' account are for services rendered in this suit in the Circuit Court of the United States and other portions are for services rendered to the officers and directors of the Interstate Company who were subsequently made defendants in the suit in said court purporting to act for the Interstate Company. In brief, the claim of plaintiffs is that the officers and directors of the Interstate Com-

pany had authority to act for said company in the employ-
ment of plaintiffs as attorneys, and that plaintiffs rendered
the services charged for as attorneys for said company;
while the claim of defendant is that plaintiffs were never
lawfully employed for it and rendered no services in its
interests.

I.  In view of the large discretion properly vested
in the trial court to set aside a verdict because not sup-
ported by the evidence, we have no difficulty in reaching

1. NEW TRIAL: the conclusion that we should not interfere
discretion. with its order granting a new trial in this
case.  To review the evidence sufficiently to point out that
at least some of the services rendered by plaintiffs were
rendered to the officers and directors of the defendant
company in their individual interest and not to the de-
fendant company as a corporation would require an elabo-
ration of the evidence presented in the record which would
not be justified.  The suit in the federal court was in the
interests of the defendant company and against the offi-
cers and directors as individuals who purporting to rep-
resent the defendant company had employed the plain-
tiffs, and the finding of the federal court against the
officers and directors as individuals almost conclusively
shows that their actions were not binding upon the com-
pany which they purported to represent.  In allowing
the entire amount of plaintiffs' claim as against the de-
fendant company, we are satisfied that the jury exceeded
their proper discretion and made findings of fact con-
trary to the evidence under the law as given them by the
trial court.  The ruling which set aside the verdict and
granted a new trial to the defendant was so clearly within
the trial court's proper discretion that we shall not inter-
fere with it.

II.  There is more serious difficulty in disposing of
defendant's appeal, but we have not gone through the
record in detail for the purpose of determining whether

there is any evidence to support a finding in any amount in plaintiff's favor for the reason that we do not think the question is properly before us. If a judgment had been rendered against defendant on the verdict it may be that it could have urged by way of error, not only as to some items included by the jury in their finding for plaintiffs, that there was no evidence supporting the finding, but also that there was no evidence to support any finding for plaintiffs, and the court erred in not sustaining the motion for a directed verdict. *Parker v. Des Moines Life Ins. Co.*, 108 Iowa, 117. It is essential, however, in order to support an appeal from an intermediate order, that it be one involving the merits or materially affecting the final decision. Code, section 4101, par. 4. And it has been held that, until there is a judgment to be appealed from or such ruling of the court as to prevent a final judgment on the merits of the controversy against the party complaining, there can be no appeal from such an intermediate order. *Boyce v. Wabash R. Co.*, 63 Iowa, 70; *Quinn v. Capital Ins. Co.*, 82 Iowa, 550; *Roberts v. Malloy*, 100 Iowa, 372; *Jenks v. Smith*, 129 Iowa, 139. The case of *Young v. Rann*, 111 Iowa, 253, relied upon by defendant, is not contrary to this view, for what is said upon the subject at page 257 of the opinion, is predicated upon the rendition of a judgment from which there has been an appeal. In *Bussell v. City of Ft. Dodge*, 126 Iowa, 308, it is said in a general way that an appeal does not lie directly from a ruling denying a motion for verdict or from a ruling denying a motion in arrest, and, while in that case the party appealing was not entitled to a directed verdict in his favor because the question of his liability was not determined on the trial, nevertheless, we think that the general statement of the rule made is correct when the circumstances are not such as to show practically a final

2. INTERLOCUTORY ORDERS: appeal.

determination of liability as against the party complaining. In this case the overruling of defendant's motion for a directed verdict is not a final determination of defendant's liability. The jury might have returned a verdict in defendants' favor, in which event defendant would have had no occasion to appeal from the ruling on the motion to direct a verdict. As the verdict returned in plaintiff's favor was set aside, and a new trial granted as to the entire case, we can not see how there has yet been any determination against defendant which entitles it to come to this court and have the interlocutory order overruling its motion reviewed.

One of defendant's grounds for asking a new trial was that there was no evidence to support the finding of the the jury in any amount as against defendant, but this was the ground on which the directed verdict was asked. Having secured a new trial on this among other grounds, it is not now for the defendant to say in a separate appeal that the court erred in overruling defendant's motion for a directed verdict. The soundness of this conclusion is well illustrated by the fact that the sustaining of defendant's motion for a directed verdict would not have terminated the litigation. There would still have been pending for trial to a jury the right of defendant to recover on its counterclaim, for the motion did not challenge plaintiffs' entire account, but only a portion thereof, leaving an amount unchallenged less than the sum which it was alleged plaintiffs had wrongfully received from the moneys of defendant company. Had there been a directed verdict for defendant on its motion, there must still have been a trial and final judgment involving the validity of a portion of plaintiff's claim, and it is against the policy of the law to allow two successive appeals involving the same subject-matter, unless as specially authorized. We find no authority for appealing from an interlocutory order until there has been such final determination of

the case as to show that the party complaining thereof has been prejudiced. Cases relating to appeal from a ruling on demurrer rest on a different ground, for it is specially provided in paragraph 3 of the Code section above referred to that such appeals may be taken. We hold, therefore, that the ruling on the motion to direct a verdict did not involve the merits or materially affect the final decision, for the merits of the controversy have not been finally determined, nor has any final decision in the case been made. Plaintiffs' motion to dismiss defendant's appeal which has been submitted with the case raises the question which we have been discussing in this division of the opinion, and it is sustained.

The final result is that on plaintiffs' appeal the ruling of the lower court is affirmed, and that defendant's appeal is dismissed.

*Affirmed* on plaintiffs' appeal. Defendant's appeal *dismissed.*