IN RE ESTATE OF JOSEPH EDWIN TURNER.

SIMPSON COLLEGE, Appellee, v. E. W. DRAKE, Administrator, Appellant.

No. 42543.

DECEMBER 4, 1934.

Bryant & DeWitt, for appellant.

Watson & Watson, for appellee.

CLAUSSEN, J.—Letters of administration issued on the estate of Joseph Edwin Turner by the Pottawattamie district court on June 24, 1931, on which date notice of the appointment of the administrator was duly given. Before the estate was closed, but after the expiration of one year from the date of notice being given of the appointment of the administrator, namely, on July 1, 1933, this action was brought to establish plaintiff's demand as a claim against the estate of the decedent. The lower court established and allowed the claim. The contention of appellant administrator is that the claim is barred by the statute of limitations, and that no circumstances were shown to exist which warranted the court in allowing the claim.

The demand, if provable, is a claim of the fourth class. Under the statutes (Code 1931, section 11972), claims of the fourth class, not filed and allowed, or if filed and notice thereof be not served

within twelve months from the giving of notice of the appointment of the executor or administrator, are barred, unless peculiar circumstances entitle the claimant to equitable relief. Under the statute, the claim is not barred if peculiar circumstances exist which entitle claimant to equitable relief. The question is whether such circumstances existed.

The claim is based on a pledge of $1,000 given by the decedent to plaintiff-appellee, under date of June 1, 1923, payable at the time of the decease of the maker, out of the proceeds of his estate. It will be noted that the administration is on the estate of Joseph Edwin Turner. The pledge is signed J. E. Turner. On the pledge the address of the maker is given as Oakland, Iowa. It appears that the decedent lived about eight miles from Griswold, but that his post-office address was Oakland. In the spring of 1932 the pledge was turned over to Dr. Cable of the college for a report. He knew a J. H. Turner who formerly resided in Oakland but who was then living in Council Bluffs. Dr. Cable interviewed J. H. Turner, believing him to be the maker of the pledge. J. H. Turner was sick, and had sustained severe financial reverses. The pledge was not directly referred to, it being payable at death. A conversation took place between them in which the participants evidently talked about two things, yet under the belief that they were discussing the same subject. Dr. Cable reported the results of his investigation to plaintiff college.

The first information had by the college of the death of J. E. Turner came in a letter from a minister who had had a talk with the administrator of the estate. It is as follows:

"Griswold Ia.
"June 17, 1933.

"Mr. Rae L. Dean, Simpson College, Indianola, Ia.

"My Dear Brother Dean: Shortly after Ed Turner who lived North of Asbury died about a year and a half ago E. W. Drake told me that he had left to Simpson College $1,000. I assumed that he had willed the amount but in conversation with E. W. Drake yesterday he informed me that Simpson College had not filed any claim and that since the stipulated time had elapsed for filing he thought it would be too late, yet, I feel sure he would favour the same if the Judge would permit it.

"I am inclined to think now that there is an Estate note that has been made by Mr. Turner in favour of the College. It may be

possible for you to locate it and if you thought it worth while make some effort to recover for the College.

"E. W. Drake is Administrator of the Turner estate which has not yet been settled.

"Sincerely yours,

"Richard Rowe."

Upon receipt of the letter it is evident that proceedings were instituted looking toward proof of the claim, for the present proceedings were filed on July 1, 1933.

That the pledge was executed is not disputed; neither is the fact that it is unpaid. The administrator had knowledge of the existence of the obligation. The estate is still open. For aught that appears in the record, the estate is solvent. It was undoubtedly the desire of the decedent that $1,000 be paid from the estate to the college. That the circumstances which led to the failure of the college to earlier file its claim are peculiar cannot be gainsaid. They are, on the whole, most unusual. We cannot say that the college has been so negligent in caring for its demand that it is not equitably entitled to the relief it asks. In re Estate of Helmts, 203 Iowa 503, 211 N. W. 234; Nichols v. Harsh, 202 Iowa 117, 209 N. W. 297; Williams v. Schee, 214 Iowa 1181, 243 N. W. 529.

The present proceedings were instituted in law, and the case is here as an appeal at law. The findings of the trial court find support in the record, and cannot be disturbed.—Affirmed.

MITCHELL, C. J., and STEVENS, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.