In re ESTATE OF MARIAH SHRIVER.

CASSIE E. SELBY, Executrix, Appellant, v. ALVA R. SHRIVER et al., Appellees.

No. 46230.

JUNE 15, 1943.

S. B. Allen, of Des Moines, for appellant.

Elton A. Johnston, of Creston, and Albert V. Hass, of Chariton, for appellees.

HALE, J.—The order appealed from was dated September 12, 1942, and filed in the district court on September 16, 1942, overruling a contention made by appellant in an amendment to her answer to objections to her final report. In such amendment she claims that none of said objecting parties have any interest in the estate of Mariah Shriver, of which estate appellant is executrix by the terms of the will of said decedent, and that said parties have ceased to be beneficiaries by virtue of their own election to do so, and therefore have no right to object to her doings in the premises.

The will was dated July 14, 1934, filed November 9, 1934, and, among other provisions, confirms a deed made some time prior to the execution of the will to Cassie Selby for 80 acres of decedent's 160-acre farm. The will also appoints decedent's son, William Shriver, who at the time of this litigation lived in Montana, and her daughter, Cassie Selby, executors. Item 5 of the will is as follows:

"It is my desire that there be no litigation involving my estate and if any of the beneficiaries named in my will institute any proceedings at law or equity to set aside any of the provisions of my will such action shall operate to divest such beneficiary of his or her share of my estate and his or her share shall then be divided among the balance of my children, share and share alike."

Item 5 apparently did not prevent dissatisfaction among the beneficiaries and a great deal of controversy ensued. At the time of the filing of the will there was a meeting of all the legatees (except William, who was not in the state) in the office of Mr. Poston, the attorney who drew the will, and at the former home of decedent. In both places a great deal of acrimonious discussion took place, the demand being made by Alva Shriver, who was a debtor of the estate, upon Cassie Selby, the present executrix, that she relinquish to the heirs

the 80 acres formerly deeded to her by her mother. There is some evidence that the other legatees present were agreed that this should be done and expressed themselves as favorable to Alva's contentions. The probate of the will was long delayed, a special administrator appointed, and objections to the probate of the will were filed by Alva on November 13, 1934, but were afterward withdrawn. The will was finally admitted to probate on September 3, 1935, and Cassie E. Selby took charge as executrix. The settlement of the estate was attended with much litigation and was greatly delayed. A partition proceeding as to the remaining 80 acres was brought against the other heirs and legatees by Mrs. Selby in September 1935. In 1939, against the protest of the other heirs, suit was brought by the executrix against Alva to recover his indebtedness to the estate. Later in that year these legatees, except Cassie Selby, assigned to Alva their interest in his indebtedness to the estate. It may be noted, however, that written waiver of jurisdiction and consent to trial in Iowa by Alva, who was a resident of South Dakota, was filed, which consent was accompanied by a statement that he had paid to all of the legatees individually, including Cassie, sums ranging from $3,950 to $4,900, and had also paid a large amount of expense. It appears from the probate files in the clerk's office, certified to this court, that there were many applications and orders involving different matters connected with the estate, but it is unnecessary so far as this appeal is concerned to go into all the details of the settlement of the estate.

There is pending in this court another appeal by Cassie E. Selby, executrix, which is from a final order after hearing sustaining the objections to executrix' reports, entered by the district court of Wayne county on December 23; 1942, but the record in such appeal has not yet been completed nor the case submitted in this court.

This appeal, however, is not based on the merits of the objections to the reports of the executrix, but concerns only the alleged error in the order of the district court of September 16, 1942. Appellant herein claims that the district court erred in holding that the appellees herein each and all had a right to object to the reports of Cassie E. Selby, executrix, in connection with the estate, and in holding that the appellees, by virtue of

what they said and did in that connection, were not barred or estopped from claiming an interest in the estate. The assignment of error further sets out that the court erred in holding that the partition proceedings, heretofore referred to and determined in August 1935, constituted an adjudication of the relative rights of the respective parties to the property of Mariah Shriver, regardless of what they did before or after the adjudication in partition. The appellees herein deny that they instituted any such proceeding to contest the will, and the court so held. Appellant cites various authorities, including the case of Moran v. Moran, 144 Iowa 451, 123 N. W. 202, 30 L. R. A., N. S., 898, holding that a provision in a will such as item 5 is valid and enforceable. But that question is not raised in this case and it is not an issue.

Before submission, a motion to dismiss the appeal was filed by appellees in this case and ordered submitted with the case, which motion alleges, among other grounds, that the order of the district court in holding that the legatees were the proper parties to object is not appealable, that no order or decision has been entered from which appeal can be taken, and that a hearing has been had upon objections to appellant's final report from which an appeal has been perfected. In argument on this motion appellees cite the case of Ontjes v. McNider, 224 Iowa 115, 275 N. W. 328, which seems to be in accord with movant's contention. But we believe that with the record as it now stands, with an appeal from the final decision on the objections now pending in this court, a decision on the merits of the order now in controversy will better serve the interests of all parties than a ruling on the motion at this time.

As heretofore stated, this appeal is taken from the court's ruling on that part of the amendment to appellant's answer to the objections to her report in which she claims that appellees have no right or authority to object to the report. Appellant's exception to appellees as objecting parties is based largely upon the statements made in the attorney's office and decedent's former home on the day the will was filed, and on the assignment of the heirs' interests in the indebtedness of Alva. The argument referred to was heated and no doubt the language of

Alva was threatening. Appellant claims that the remainder of the legatees present at that time agreed with his contentions, and she argues that such conduct is evidence that they were silent partners in Alva's contest of the will. There is no evidence that they participated in any way in such contest. They were not parties of record, and one heir, William, was not present at the discussions. The district court would not have been justified in finding that he was an improper party to file objections, merely from the fact that he was willing to cancel Alva's debt and that he was joining the other heirs in objecting to some of the actions of the executrix. As to the assignment to Alva, the statement is made in Alva's written waiver of jurisdiction— a statement which, so far as we can find in the original files, is not denied—that the heirs were, to a considerable extent, paid by Alva individually and not through the hands of the executrix. However that may be, the circumstance of the assignment at best can only give rise to surmise. The decree of the court in the partition case had barred Alva from participation in the proceeds of the sale of the land since he had instituted proceedings to contest the will, but did not deny the right of any other heir; nor was the court asked by Mrs. Selby in her petition to exclude the other objecting heirs, but, on the contrary, she named them as owners. As we have stated, under the evidence introduced at the hearing on the motion in controversy, William could not properly have been excluded, so even if all the other legatees had been barred there would have been one legatee competent to object to the report and the hearing on the objections must have proceeded to a decision.

The actions of the appellant throughout are also worthy of notice. She brought the proceeding for the partition of the 80-acre tract, which was real estate devised under the will, and named in her petition as parties entitled to a one-sixth share each and all of the legatees except Alva. In 1936, in an application to employ attorneys, she stated that Alva had filed objections to the probate of the will, as she also stated in an amendment to her final report in 1942, but made no such objection to other legatees. Throughout all the proceedings no objection was made by her as to any legatee except Alva, nor any claim that they were not entitled to participate, until 1942, al-

though the estate had been running for many years. This objection to their competency as parties is apparently an afterthought.

We are also of the opinion that the decree of court in the partition proceeding on October 22, 1935, confirming the ownership of the appellees and denying to Alva an interest in the land, determined the right to inherit, and this after the contest of the will had long since been filed and withdrawn. The objections to these legatees, if they had been parties to the contest, would have been the same as the objections to Alva. A partition suit determines the parties entitled to share and they were so determined in the action brought by appellant. We are satisfied that the court, on the whole record, was right in holding that the heirs named were proper parties, as heirs and legatees, to object to the executrix' report and were not disqualified or excluded therefrom under the provisions of the will.

It being unnecessary at this time to rule upon the motion, we hold that on the evidence submitted the order of the trial court as to the right of the objecting parties to make such objection was correct, and the ruling on such order is affirmed.— Affirmed.

BLISS, MILLER, OLIVER, MANTZ, SMITH, and MULRONEY, JJ., concur.